CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
NOV 26 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| VICTOR MACEO DANDRIDGE, III, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Miscellaneous Action No. 3:19-mc-00006 |
| W. STEPHEN SCOTT, CHAPTER 7 ) | Adversary Proceeding No. 6:19-ap-06025 |
| TRUSTEE FOR THE BANKRUPTCY ) | |
| ESTATE OF VICTOR MACEO ) | **MEMORANDUM OPINION** |
| DANDRIDGE, IIII, ) | |
| ) | By: Hon. Glen E. Conrad |
| Plaintiff, ) | Senior United States District Judge |
| ) | |
| v. ) | |
| ) | |
| 1105 INGLECRESS, LLC and ) | |
| RICHARD L. BOOTH, ) | |
| ) | |
| Defendants. ) | |

This adversary proceeding is currently pending in the United States Bankruptcy Court for the Western District of Virginia against 1105 Inglecress, LLC ("Inglecress") and Richard L. Booth (collectively, the "Defendants"). The Defendants have filed a motion requesting that this court withdraw the reference of the proceeding to the bankruptcy court and preside over all further matters, including trial. Plaintiff W. Stephen Scott, Chapter 7 Trustee for the Bankruptcy Estate of Victor Maceo Dandridge (the "Trustee") has opposed the motion. The court conducted a telephonic hearing on the motion on November 20, 2019. For the reasons stated below, the motion will be granted.

## Background

On March 24, 2017, Victor Dandridge filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. This adversary proceeding arises from the May 9, 2016 sale of Dandridge's personal residence located at 1105 Inglecress Drive in Charlottesville, Virginia (the "Property"). Dandridge sold the Property to Inglecress, a limited liability company formed by Booth.

On March 22, 2019, the Trustee filed an adversary complaint against the Defendants, seeking to recover the Property or the value paid for it. The complaint asserts five claims under the Bankruptcy Code. In Count I, the Trustee claims that the transfer should be avoided and set aside as a fraudulent transfer pursuant to section 548(a)(1)(A). In Count II, the Trustee seeks to hold the Defendants liable pursuant to section 550. In Count III, the Trustee seeks to preserve the Property pursuant to section 551. In Count IV, the Trustee asserts a claim for disallowance under section 502(d). In Count V, the Trustee seeks to recover the Property under section 542.

On April 26, 2019, the Defendants filed a jury demand. The parties have agreed that Counts I, II, III, and IV must be tried by a jury, and that no jury trial will be held on Count V. Although the Trustee has consented to a jury trial in the bankruptcy court, the Defendants have declined to consent. Accordingly, on September 10, 2019, the bankruptcy court entered an order confirming that it will not conduct a jury trial on any of the claims asserted in the adversary complaint. See Case No. 6:19-ap-06025, Dkt. No. 25 (Bankr. W.D. Va. Sept. 10, 2019) ("Based the statute, the rules, and the lack of consent of the parties, this Court declines to conduct a jury trial on any of the counts."); see also 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); W.D. Va. Gen. R. 3(b) ("In accordance with the provisions of 28 U.S.C. § 157(e), bankruptcy judges of this district are hereby specifically

designated to conduct jury trials when all parties have expressly consented thereto."). The bankruptcy court directed the Defendants to file a motion requesting that this court withdraw the reference of the adversary proceeding to the bankruptcy court.

On September 24, 2019, the Defendants timely moved to withdraw the reference. The motion has been fully briefed and argued and is now ripe for disposition.

## Discussion

District courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. § 1334. The Western District of Virginia has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy cases and proceedings to the bankruptcy judges for this district. See W.D. Va. Gen. R. 3(a). However, this court "may withdraw, in whole or in part, any case or proceeding referred to under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). For the following reasons, the court finds cause to withdraw the reference of this adversary proceeding.

In determining whether to withdraw the reference, courts may consider several factors, including "the preservation of the right to a jury trial." Fed. Ins. Co. v. Parnell, 407 B.R. 862, 865 (W.D. Va. 2009) (citation omitted). Courts have held that "where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate." In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990) (collecting cases); see also Riley v. Wolverine, Proctor & Schwartz, LLC, 404 B.R. 1, 2 (D. Mass. 2009) ("Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court.").

The Supreme Court has held that a defendant in a fraudulent-transfer action brought by the trustee is entitled to a jury trial if the defendant has not filed a claim against the bankruptcy estate. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36 (1989) ("We hold that the Seventh

3

Amendment entitles such a person to a jury trial, notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. § 157(b)(2)(H) . . . ."). In this case, the Trustee seeks to hold the Defendants liable for an allegedly fraudulent transfer, and it is undisputed that the Defendants have not filed a claim against the bankruptcy estate. Therefore, the Defendants are clearly entitled to a jury trial. Id. Because the Defendants have not consented to a jury trial in the bankruptcy court, the bankruptcy court is not authorized to preside over a trial by jury. 28 U.S.C. § 157(e); W.D. Va. Gen. R. 3(b). Consequently, the court finds cause to withdraw the reference of this proceeding. In re Cinematronics, Inc., 916 F.2d at 1451; see also Butler v. Bateman, 601 B.R. 700, 703–704 (D. Mass. 2019) ("This Court rules that the [defendants'] Seventh Amendment right to a jury trial constitutes cause to withdraw the reference because [the defendants] do not agree to a jury trial in the Bankruptcy Court.").

The court also finds it appropriate to withdraw the reference immediately, rather than waiting until a jury trial is "imminent." Pl.'s Br. Opp'n 13, Dkt. No. 3. The United States Court of Appeals for the Fourth Circuit has recognized that the timing of the withdrawal is generally a "pragmatic question of efficient case administration," rather than "a strictly legal question." In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993) (internal quotation marks and citation omitted). Under the circumstances presented in this case, the court believes that withdrawing the reference at this stage of the proceedings would avoid duplicative efforts, promote judicial economy, and aid in the efficient and expeditious resolution of the Trustee's claims against the Defendants. Accordingly, the court will exercise its discretion to immediately withdraw the reference of this adversary proceeding.

## Conclusion

For the reasons stated, the court will grant the Defendants' motion to withdraw the reference, and order that the reference of this adversary proceeding be withdrawn from the bankruptcy court.

As discussed during the hearing, the court will issue a scheduling order that includes a March 31, 2020 deadline for completing discovery, an April 14, 2020 deadline for dispositive motions, and a subsequent trial date. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the bankruptcy court and all counsel of record.

DATED: This 26th day of November, 2019.

_____
Senior United States District Judge